

```
                                        USDC SDNY
                                        DOCUMENT
                                        ELECTRONICALLY FILED
                                        DOC #:
UNITED STATES DISTRICT COURT            DATE FILED:    JUL 17 2019   ORIGINAL
SOUTHERN DISTRICT OF NEW YORK
```

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : **SUPERSEDING INFORMATION**

        - v. - :

                    : S1 18 Cr. 340 (LGS)

RAYMOND TRAPANI, :

        Defendant. :

                    :

- - - - - - - - - - - - - - - - X

## COUNT ONE
### (Conspiracy to Commit Securities Fraud as to Centra Tech)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, charges:

### Background

1.    At all times relevant to this Information, Centra Tech, Inc. ("Centra Tech") was a company headquartered in Miami Beach, Florida, that purported to offer various cryptocurrency-related financial products. For example, Centra Tech claimed to have a cryptocurrency debit card that allowed users to spend cryptocurrencies such as Bitcoin and Ether to make purchases in real-time at various stores and other establishments that were part of the networks of merchant locations that accept Visa-payment cards and Mastercard-payment cards.

2.    RAYMOND TRAPANI, the defendant, and co-conspirators not named as defendants herein ("CC-1," and "CC-2," respectively), founded Centra Tech in or about July 2017.

3.    At various times relevant to this Information, RAYMOND TRAPANI, the defendant, served as the Chief Operating Officer of Centra Tech, CC-1 served as (among other things) the President and Chief Technology Officer of Centra Tech, and CC-2 served as (among other things) the Chief Marketing Officer and subsequently as the Chief Operating Officer of Centra Tech.

4.    From approximately on or about July 30, 2017 through on or about October 5, 2017, RAYMOND TRAPANI, the defendant, as well as CC-1 and CC-2 raised digital funds worth more than $25 million from investors through a so-called "initial coin offering" (the "ICO") to investors of unregistered securities, in the form of digital tokens issued by Centra Tech known as "Centra tokens" or "CTR tokens," through fraudulent misrepresentations and omissions.

## Statutory Allegations

5.    From at least in or about July 2017, up to and including in or about February 2018, in the Southern District of New York and elsewhere, RAYMOND TRAPANI, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

6.    It was a part and an object of the conspiracy that RAYMOND TRAPANI, the defendant, and others known and unknown,

2

willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce and of the mails, and of the facilities of national securities exchanges, would and did use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

### Overt Acts

7.    In furtherance of the conspiracy and to effect its illegal object, RAYMOND TRAPANI, the defendant, as well as CC-1, CC-2 and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.    In approximately July and August 2017, TRAPANI, CC-1 and CC-2 caused Centra Tech to publish white papers on the internet containing fraudulent misrepresentations and omissions in connection with Centra Tech's unregistered offering of securities

to investors, in the form of digital currency tokens issued by Centra Tech.

b.      Between on or about July 30, 2017 and on or about September 26, 2017, TRAPANI, CC-1 and CC-2 obtained digital funds for the purchase of Centra Tech tokens from at least five investors who resided in New York, New York.

c.      On or about November 28, 2017, CC-2 and others attended a blockchain technology conference in New York, New York on behalf of Centra Tech for the purpose of promoting Centra Tech and its products.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Securities Fraud as to Centra Tech)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, further charges:

8.      The allegations contained in paragraphs 1 through 4 and 7 of this Information are hereby repeated, realleged and incorporated by reference, as if fully set forth herein.

9.      From at least in or about July 2017, up to and including in or about February 2018, in the Southern District of New York and elsewhere, RAYMOND TRAPANI, the defendant, willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce and of the mails, and of the facilities of national securities exchanges, used and employed

4

manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, TRAPANI participated in a scheme to solicit digital funds worth more than $25 million for investments in unregistered securities, in the form of digital currency tokens issued by Centra Tech, through fraudulent misrepresentations and omissions.

(Title 15, United States Code, Sections 78j(b) & 78ff;
Title 17, Code of Federal Regulations, Section 240.10b-5; and
Title 18, United States Code, Section 2.)

## COUNT THREE
### (Conspiracy to Commit Wire Fraud as to Centra Tech)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, further charges:

10.  The allegations contained in paragraphs 1 through 4 and 7 of this Information are hereby repeated, realleged and incorporated by reference, as if fully set forth herein.

11.  From at least in or about July 2017, up to and including in or about February 2018, in the Southern District of New York

and elsewhere, RAYMOND TRAPANI, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

12.  It was a part and an object of the conspiracy that RAYMOND TRAPANI, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR
### (Wire Fraud as to Centra Tech)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, further charges:

13.  The allegations contained in paragraphs 1 through 4 and 7 of this Information are hereby repeated, realleged and incorporated by reference, as if fully set forth herein.

14.  From at least in or about July 2017, up to and including

in or about February 2018, in the Southern District of New York and elsewhere, RAYMOND TRAPANI, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, TRAPANI participated in a scheme to solicit digital funds worth more than $25 million for investments in unregistered securities, in the form of digital currency tokens issued by Centra Tech, through fraudulent misrepresentations and omissions, and employed the use of telephones, email communications, and other wire communications in connection with the scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FIVE
### (Obstruction of Justice)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, further charges:

### Background

15.   The allegations contained in paragraphs 1 through 4 and 7 of this Information are hereby repeated, realleged and incorporated by reference, as if fully set forth herein.

16.   By at least in or about November 2017, the United States Securities and Exchange Commission (the "SEC"), through personnel in its New York Regional Office in New York, New York, had initiated an investigation concerning (among other things) Centra Tech and the roles of its co-founders, RAYMOND TRAPANI, the defendant, as well as CC-1 and CC-2, in soliciting funds from investors through an unregistered securities offering styled as an ICO.

17.   On or about November 29, 2017, the SEC's New York Regional Office served a subpoena on Centra Tech demanding production of a variety of documents relating to the SEC's investigation, including documents that were in the possession, custody or control of RAYMOND TRAPANI, the defendant, as well as CC-1 and CC-2 as co-founders of Centra Tech.

18.   In or about January or February 2018, after learning of the SEC's subpoena, RAYMOND TRAPANI, the defendant, destroyed a laptop in Miami, Florida containing relevant documents that were called for by the subpoena.

**Statutory Allegations**

19.   In or about January or February 2018, in the Southern District of New York and elsewhere, RAYMOND TRAPANI, the defendant, knowingly and corruptly obstructed, influenced, and impeded an official proceeding, to wit, an investigation by the SEC's New

York Regional Office, and attempted to do so, to wit, TRAPANI destroyed a laptop containing relevant documents that were called for by a subpoena served on Centra Tech on or about November 29, 2017 by the SEC's New York Regional Office in connection with its investigation into the roles of TRAPANI, CC-1 and CC-2 in Centra Tech's solicitation of funds from investors through an unregistered securities offering styled as an ICO.

(Title 18, United States Code, Section 1512(c).)

## COUNT SIX
### (Conspiracy to Commit Wire Fraud as to Venmo)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, further charges:

### Background

20.   At all times relevant to this Information, Venmo was a mobile payment service owned by PayPal, Inc. ("Venmo") that allowed Venmo users based in the United States to wire transfer funds to each other via a mobile smartphone application.

21.   Under a feature that Venmo had in place at various times relevant to this Information, if a Venmo user requested that Venmo make a wire transfer of funds to a receiving Venmo account from a transferring Venmo account with insufficient funds to cover the request, Venmo advanced the funds needed to cover the request (up to a certain limit) with the expectation of recovering the advanced funds from the accountholder of the transferring Venmo account

(the "Venmo Advance Feature").

22. At various times relevant to this Information, RAYMOND TRAPANI, the defendant, and a co-conspirator not named as a defendant herein ("CC-3"), opened various Venmo accounts that they controlled but registered to others (the "Venmo Accounts").

23. At various times relevant to this Information, RAYMOND TRAPANI, the defendant, and CC-3 engaged in a scheme to defraud Venmo in which they took advantage of the Venmo Advance Feature by: (a) requesting that Venmo wire transfer funds from various Venmo Accounts with insufficient funds to cover the requests, to other Venmo Accounts controlled by TRAPANI and CC-3, causing Venmo to advance the funds to cover the requests; and (b) withdrawing the funds from the receiving Venmo Accounts with the intent to steal the funds from Venmo before Venmo could freeze the relevant accounts or claw back the funds.

**Statutory Allegations**

24. From at least in or about 2016, up to and including in or about 2017, in the Southern District of Florida and elsewhere, RAYMOND TRAPANI, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

25. It was a part and an object of the conspiracy that

RAYMOND TRAPANI, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

### COUNT SEVEN
### (Conspiracy to Commit Wire Fraud as to Miami Exotics)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, further charges:

### Background

26. At all times relevant to this Information, Miami Exotics, Inc. ("Miami Exotics") was a company headquartered in Miami, Florida that claimed to be in the business of renting luxury vehicles to customers. For example, Miami Exotics claimed to own a 34-car fleet of exotic vehicles made by luxury manufacturers such as Rolls Royce, Ferrari, Lamborghini, and Maserati.

27. RAYMOND TRAPANI, the defendant, as well as CC-1 and CC-3 founded Miami Exotics in or about January 2017.

28. At various times relevant to this Information, RAYMOND

TRAPANI, the defendant, as well as CC-1 and CC-3 engaged in a scheme to fraudulently obtain funds that were borrowed against the credit of various members of TRAPANI's extended family (collectively, "TRAPANI Family Members").

29.   The following acts, among others, were committed as part of the scheme:   (a) RAYMOND TRAPANI, the defendant, secured the consent of the TRAPANI Family Members to take out various loans from banks and other lenders (including a home equity line of credit, various automobile loans, and various credit card loans) against the credit of the TRAPANI Family Members, for the purported purpose of raising startup capital for Miami Exotics, based on fraudulent representations and omissions; (b) CC-1 fraudulently impersonated various TRAPANI Family Members in telephone conversations with such lenders to engage in transactions relating to the loans that were not authorized by the affected TRAPANI Family Members; and (c) TRAPANI, CC-1 and CC-3 dissipated and wasted funds borrowed through the loans for personal and other expenses unrelated to Miami Exotics.

## Statutory Allegations

30.   From at least in or about 2016, up to and including in or about 2017, in the Southern District of New York and elsewhere, RAYMOND TRAPANI, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against

the United States, to wit, wire fraud, in violation of Title 18, United States Code, Section 1343.

31.   It was a part and an object of the conspiracy that RAYMOND TRAPANI, the defendant, and others known and unknown, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT EIGHT
### (Wire Fraud as to Credit Card and Other Charges)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, further charges:

32.   From at least in or about 2014, up to and including in or about 2017, in the District of New Jersey and elsewhere, RAYMOND TRAPANI, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television

communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, TRAPANI participated in a scheme to obtain various credit cards by making false statements in credit card applications and to avoid repaying various lenders for credit card charges, debit card charges, and cash advances that he had incurred by fraudulently disputing that he had authorized such expenditures, and TRAPANI employed the use of telephones and other wire communications in connection with the scheme.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT NINE
### (Illegal Firearm Possession)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, further charges:

33.    From at least on or about February 21, 2018, up to and including on or about April 20, 2018, in the Southern District of Florida and elsewhere, RAYMOND TRAPANI, the defendant, knowing that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit, a conviction on or about February 21, 2008 in New York County Supreme Court for perjury in the first degree, in violation of New York Penal Law § 210.15, a Class D felony, knowingly possessed in and affecting commerce a firearm, to wit, a Glock, Model 43, 9mm pistol, which previously had been shipped and transported in

interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

## COUNT TEN
### (Narcotics Conspiracy)

The Attorney for the United States, acting under authority conferred by 28 U.S.C. § 515, further charges:

34.   From at least in or about 2009, up to and including in or about 2012, in the Eastern District of New York and elsewhere, RAYMOND TRAPANI, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

35.   It was a part and an object of the conspiracy that RAYMOND TRAPANI, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

36.   The controlled substances that RAYMOND TRAPANI, the defendant, conspired to distribute and possess with intent to distribute were:   (a)   mixtures and substances containing detectable amounts of cocaine and heroin and prescription pills (including Roxycodone, Xanax and Suboxone pills containing detectable amounts of oxycodone, alprazolam and buprenorphine, respectively), in violation of Title 21, United States Code,

15

Section 841(b)(1)(C); and (b) mixtures and substances containing detectable amounts of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATIONS

37.  As a result of committing one or more of the offenses charged in Counts One through Four, Six through Eight, and Ten of this Information, RAYMOND TRAPANI, the defendant, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(a) and Title 28, United States Code, Section 2461(c), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of those offenses that TRAPANI personally obtained, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that TRAPANI personally obtained.

38.  As a result of committing the offense charged in Count Nine of this Information, RAYMOND TRAPANI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, any firearm and ammunition involved in and used in that offense, including the Glock, Model 43, 9mm pistol bearing serial number BDPY858 that was seized by law enforcement on or about April

16

20, 2018.

## Substitute Assets Provision

39.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      a.   cannot be located upon the exercise of due diligence;

      b.   has been transferred or sold to, or deposited with, a third party;

      c.   has been placed beyond the jurisdiction of the court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

     (Title 18, United States Code, Sections 924(d)(1) and 981;
         Title 21, United States Code, Section 853;
         Title 28, United States Code, Section 2461.)

CRAIG A. STEWART
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**RAYMOND TRAPANI,**

**Defendant.**

### SUPERSEDING INFORMATION

S1 18 Cr. 340 (LGS)

(15 U.S.C. §§ 78j(b) and 78ff;
17 C.F.R. §§ 240.10b-5;
18 U.S.C. §§ 371, 922(g)(1),
1343, 1349, 1512(c) and 2;
21 U.S.C. § 846.)

CRAIG A. STEWART
Attorney for the United States
Acting Under Authority
Conferred by 28 U.S.C. § 515