

1101 30th Street NW, Suite 115
Washington, DC 20007
T: 202-524-4290
F: 212-363-7171
www.zlk.com

Donald J. Enright
denright@zlk.com

March 25, 2021

**SUBMITTED VIA ECF**

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *USA v. Sharma et. al.,* Case No. 1:18-cr-340 (LGS)
             Reply in Further Support of Claimants' Revised Ancillary Forfeiture Petition

Dear Judge Schofield:

      Claimants Jacob Zowie Thomas Rensel, Wang Yun He, Chi Hao Poon, Kung Fung Poon, Jae J. Lee, Mateusz Ganczarek and Rodney Warren (collectively, "Claimants") submit this Reply in further support of their motion to file their proposed ancillary forfeiture petition (ECF Nos. 471, 471-1, the "Revised Petition") asserting their interest in a portion of the 100,000 Ethereum ("ETH") seized from Centra Tech by the Federal Bureau of Investigation on behalf of Centra Tech, Inc.'s ("Centra Tech") victims (the "Seized ETH") and in reply to the Government's Response opposing that request (ECF No. 477, the "Response").

      "[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *Pacheco v. Serendensky,* 393 F.3d 348, 352 (2d Cir.2004); *see also* ECF No. 468 at 12 (the "Order") (same). Under this standard, the court "will assume that the facts set forth in the petition are true[,]" and "a petition should not be dismissed if the enough facts to state a claim to relief that is plausible on its face." *Willis Mgmt. (Vermont), Ltd. v. United States*, 652 F.3d 236, 241–42 (2d Cir. 2011). It is telling that the Government dismisses this light burden offhandedly in a footnote. *See* Response at n. 1.

      Claimants' Revised Petition contains detailed factual allegations supported with publicly available records, and it is without doubt that Claimants have "plausibly alleged facts that, if true, may entitle the Claimants to the return of the Seized Funds." *United States v. Egan*, 811 F. Supp. 2d 829, 40 (S.D.N.Y. 2011). Accordingly, having asserted a "plausible interest" in the Seized ETH, Claimants should be "entitled to a hearing in order to adjudicate that interest." *Fed. Ins. Co. v. United States*, 882 F.3d 348, 373 (2d Cir. 2018) (citing 21 U.S.C. § 853(n)(2)).

***Claimants' Tracing Analysis Establishes Their Interest in the Seized ETH***

      Claimants' tracing analysis demonstrates that the cryptocurrency they sent to Centra Tech to invest in Centra Tech Tokens ("CTR") is the very same cryptocurrency seized by the

LEVI&KORSINSKY LLP

Page 2 of 6
March 25, 2021

Government. The Government's attempt to frame the Seized ETH as proceeds of the fraud rather than Claimants' specific property is thus unpersuasive. *See* Response at 2. Stated otherwise, Claimants are not merely attempting to obtain the proceeds of the Centra Tech fraud, but rather are asserting their right to the actual Seized ETH itself.[1] *See* Revised Petition at ¶¶ 30-48 ("Where Claimants and other victims invested Ether in the Centra Tech ICO, they did so by sending Ether from their own wallets to Centra Tech smart contract wallets. The vast majority of this Ether was then transferred through wallets controlled by Centra Tech, before ultimately being placed in the wallet seized by the FBI . . .There is thus a clear, [public], permanent record, showing the flow of Ether from each Claimant to the Seizure Wallet.").

Contrary to the Government's representations, the tracing analysis illustrates, in detail, that the Seized ETH are directly traceable to Claimants' investments. The Government's principal argument opposing Claimants' Revised Petition is that because approximately 10,000 ETH invested in the ICO were diverted from the 100,000 ETH eventually seized, there must be a "significant likelihood" that the ETH invested by Claimants was not contained in the Seized ETH. *See* Response at 5. But the Government again forgets that this Petition is treated as a pleading, and that all inferences and facts are drawn in Claimants' favor and, to establish standing, the Revised Petition need only allege facts that demonstrate a *plausible* interest in the Seized ETH. *See* Order at 10. Furthermore, even accepting the Government's conclusions, it is far more likely that Claimants' investments are included in the 100,000 Seized ETH and were not a part of the proportionally miniscule amount divested by the Defendants in this Action. ***In fact, per the Government's own cited figures and admissions, there is at least an 91% chance that the Seized ETH is the Claimants'***. This more than surmounts the "plausibility" standard, and should even be sufficient to meet the "preponderance of the evidence" standard under which Claimants' Petition will ultimately be adjudicated. *Id.* at 10; *see also Egan*, 811 F. Supp. 2d at 840–41 ("Claimants' petitions plausibly assert legal interests in portions of the Seized Funds, and therefore are entitled to a hearing on the merits.").

Simple probabilities demonstrate that it is not only plausible but, in fact, overwhelmingly likely, that Claimants' ETH investments were the very same ETH transferred to the Seizure Wallet. Moreover, the timing of Centra Tech's transfers increase those probabilities even further. As noted by Special Agent Racz, Centra Tech's transfers from the Centra Token Owner Wallet and Centra Routing Wallet 6 (which then forwarded funds to Routing Wallet 5 and onward to the Seizure Wallet) took place between September 19, 2017 and September 26, 2017—initially clearing a backlog of ETH received through the smart contracts and subsequently forwarding ETH to Routing Wallet 6 within hours of its receipt. Discovery from the Government and expert testimony will help prove what Claimants have alleged, but the fact remains that Claimants, through their tracing

---

[1] The Government's citation to *United States v. Eldick*, 223 F. App'x 837, 840 (11th Cir. 2007) for the proposition that a claimant would not have a superior interest in property to the Government when a defendant obtained the property by fraud is unpersuasive. First, *Eldick* is out-of-circuit decision which, at most, stands for the proposition that "title to the [property] would belong to the defendant." *Id.* But more importantly, unlike here: (i) the *Eldick* claimant did not allege that a constructive trust should be recognized; (ii) the *Eldick* claimant had not secured judgment liens securing their right to the specific subject property; and (iii) the Government sought forfeiture of the property itself, not just the "interest" that an individual might have in such property.

LEVI&KORSINSKY LLP

Page 3 of 6
March 25, 2021

analysis and submitted exhibits, have demonstrated standing to contest the Government's forfeiture of the Seized ETH.  *See* Order at 10-11 (citing *Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 445 (2d Cir. 2019); *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)).

With respect to the tracing of Claimant He's Bitcoin investments to the Seizure Wallet, the Revised Petition contains detailed factual allegations which plausibly demonstrate that Claimant He's Bitcoin investments did in fact end up in the Seizure Wallet. First, based on Centra Tech's representations in the Civil Action, and Sharma's representations to this Court, all investment funds were converted into Ethereum and ended up in the Seizure Wallet. *See* Revised Petition at ¶ 49. Next, the Revised Petition notes the proximity in time between Claimant He's investment and the value of the Bitcoin he invested at the time of the investment.  Specifically, Defendant Sharma's text to Defendant Trapani noting that an amount of ETH at the same exact value as Claimant He's investment was moved to the Seizure Wallet the day after said investment. *Id*. at ¶ 50. This analysis is supported by the testimony of FBI Special Agent Brandon S. Racz. *Id*. The Government's retort that Defendant Sharma referred to this investor generally as "that dude Shin" (Response at 3) is unpersuasive in the face of the strong circumstantial evidence that the investor referred to is Claimant He. Tellingly, the Government does not assert that it knows who "Shin" is or provide any evidence to suggest that the reference to "Shin" was not a reference to He by another name.[2] The Government's use of inferences drawn from records unavailable to Claimants to argue the against facts alleged in the Revised Petition is inappropriate at this stage of the proceedings because: (i) factual allegations in the Revised Petition are presumed to be true; (ii) all reasonable inferences are to be drawn in favor of Claimants; and (iii) Claimants are entitled to a hearing on if they have "plausibly alleged facts that, if true, may entitle the Claimants to the return of the Seized Funds." *Egan*, 811 F. Supp. 2d at 40.  Additionally, the Government has not even attempted to meet its "burden of showing that [the claimants'] assertions of fact are 'implausible'" to warrant rejection of the Revised Petition.  *Id.*

### ***Claimants' Constructive Trust Allegations Are Meritorious.***

As Claimants explain in the Revised Petition, a constructive trust is warranted because Claimants are the true owners of the funds or property within the possession of the Government, and because those funds or property can be traced directly back to the Seized ETH. *See* Revised Petition at ¶ 71. The Government appears to concede that, should Claimants be able to sufficiently trace their investments to the Seized ETH, then a constructive trust may be warranted. *See* Response at 5. As noted herein and in detail within the Revised Petition, Claimants have plausibly demonstrated that their investments are traceable to the 100,000 ETH contained in the Seizure Wallet – thus, a constructive trust is warranted. *See* Revised Petition at ¶¶ 38-53; *see also United States v. Lesak*, No. 07 CR. 0396 (GEL), 2009 WL 1788411, at *5–6 (S.D.N.Y. June 23, 2009) ("Various courts have found that a constructive trust constitutes a "superior" interest and confers standing in a forfeiture proceeding . . . McCoy thus has alleged a superior interest in the Property, and his Petition cannot be dismissed for lack of standing.") (citations omitted).

---

[2] The Government also suggests that Claimants redacted Shin's name, but it is the Government's own filings that were being quoted by Claimants that had redacted his name.  *See* ECF No. 77-5 at 41-44.

LEVI&KORSINSKY LLP

Page 4 of 6
March 25, 2021

Similarly, the Government's equity argument fails as a matter of law because, unlike recognition of a constructive trust which is an equitable remedy, principles of equity are wholly irrelevant to criminal forfeiture and not authorized under the governing statutes, rules, or precedent. *See, e.g.*, *Egan*, 811 F. Supp. 2d 829, 840-841 ("The Government's argument in favor of the "equitable" distribution of the property fails because it is without support in the criminal forfeiture statute, which gives third-parties the right to recover property in which they have a legal interest."). Moreover, the Government's equity argument ignores how Claimants have been actively litigating their position and right to the Seized ETH since 2017. They have expended time, energy, and resources coordinating and regularly communicating with their attorneys and reviewing filings. Doing so is no small task and has consumed Claimants for nearly four years. It would not be inequitable, as the Government claims, to allow Claimants to obtain and reclaim their own property under these circumstances. *See* Response at 5-6. Accordingly, a constructive trust is warranted. *See, e.g., United States v. Lacoff,* 446 F. App'x 311, 314–15 (2d Cir. 2011) ("federal remission procedures are a "non-judicial remedy that is left entirely to the Attorney General's discretion" and, therefore, are "not an adequate legal remedy" foreclosing recognition of a constructive trust") (citing *Willis*, 652 F.3d at 243-45).

### *Claimants Have Perfected Judgment Liens Against the Seized ETH*.

Claimants' position here is straightforward: Claimants obtained writs of execution against Centra Tech, and directed the US Marshal to satisfy the writs from the ETH in the Seizure Wallet held by the Attorney's Office for the Southern District of New York. *See* Revised Petition at ¶ 26. The writs of execution specified the Seizure Wallet as the location of Claimants' property. *Id*. These writs were delivered to the US Marshals Service on September 2, 2020. Accordingly, a judgment lien was created against the Seized ETH on September 2, 2020. *Id. at* ¶ 27; *see, e.g., U.S. S.E.C. v. Universal Exp., Inc.*, No. 04 CIV. 2322 (GEL), 2008 WL 1944803, at *5 (S.D.N.Y. Apr. 30, 2008) ("Under New York law, a 'judgment lien is created when a writ of execution is delivered to the sheriff.'") (quoting *Mongelli v. Mongelli*, 849 F.Supp. 215, 219 (S.D.N.Y.1994)).

It is thus perplexing how the Government's own analysis so utterly misses the mark. The Government argues that the writs of execution cannot establish a judgment lien against the Seized ETH because "Section 853(k) affirmatively bars anyone claiming an interest in forfeited property from intervening in a criminal case involving the forfeiture of the property, and also from "commenc[ing] an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section" (21 U.S.C. § 853(k)), except through a post-conviction ancillary proceeding pursuant to Section 853(n)." *See* Response at 6-7.

First, as far as forfeiture is concerned, Claimants did not intervene in this Action until they filed their original forfeiture petition, as permitted under Section 853. Thus, Claimants have proceeded consistent with Section 853's requirements in this regard. Second, Claimants never commenced an action at law or equity against the United States. Indeed, each of the proceedings in which the writs of execution were issued were initiated against Centra Tech. *See* Revised Petition at n. 6, Ex. 7. Rather, the United States was the mere possessor of the Seized ETH – not the subject of new litigation. The Government admits as much in its Response. *See* Response at ¶ 7. Hence, again, the writs are entirely consistent with Section 853. The Government's objection to Claimants' attempts to satisfy their judgment against Centra Tech simply highlights the elephant

LEVI&KORSINSKY LLP

Page 5 of 6
March 25, 2021

in the room—the Government is seeking to forfeit the 100,000 ETH from a party, Sharma, that does not have any proper legal interest in those funds.

Additionally, and contrary to the Government's assertions, Claimants' right to the Seized ETH is superior in time to the Government's interest. *See* Response at 6. This is true by virtue of a constructive trust to which Claimants are at least arguably owed (*see* Revised Petition at 34, n. 10), because the Seized ETH was the same ETH that belonged to Claimants before the Centra Tech fraud was perpetrated, and because Claimants perfected that legal interest with a judgment lien in the form of the writs. In other words, while the writs establish a judgment lien against the Seized ETH, Claimants' legal interest in the property existed even prior to the commencement of the parallel Civil Action, prior to the Centra Tech fraud itself, prior to the judgment liens, and undoubtedly prior to the Government's seizure of the ETH. *See* Revised Petition at ¶ 75; *see also Egan*, 811 F. Supp. 2d 829 (finding standing for petitioners where the Government seized funds from an entity which committed the crimes from which the victim suffered, where the "petitions plausibly assert legal interests in portions of the seized funds.").

### *The Government Improperly Seized the ETH from the Wrong Party.*

By virtue of Claimants' tracing analysis, the judgment liens in the form of the writs of execution, and Claimants' right to a constructive trust, Claimants right to the Seized ETH has been established by a preponderance of the evidence sufficient to prevail in an ultimate adjudication, let alone to survive a motion to dismiss. But beyond these points, perhaps the most foundational issues arise from the fact **Centra Tech was the owner** of the Seized ETH bilked from Claimants and other investors, **not Sharma**.  Thus, these ETH were not Sharma's to give (or to forfeit). *See* Revised Petition at ¶ 61; *see also United States v. Schwimmer*, 968 F.2d 1570, 1580–81 (2d Cir. 1992) ("An order of forfeiture pursuant to a settlement agreement is equally vulnerable to invalidation by third-party interests, because a defendant's consent to forfeit property does not expand the Court's power over that property, if the property is not the defendant's own.").

Apparently unable to provide a cogent response to this fact, the Government simply glosses over it, ignoring that this analysis independently establishes Claimants' superior interest in the seized ETH. If, as alleged in the Revised Petition, the Government seized the ETH from the wrong party, then the Government would have no claim *at all* to the seized ETH. *See* Revised Petition at ¶¶ 58-69; *see also United States v. Farkas*, 2016 WL 10585041 at *2 (E.D. Va. Oct. 3, 2016) ("[T]he forfeiture authority extends only to defendant's property."). And. as alleged in the Revised Petition, Defendant Sharma's mere facilitation or orchestration of the fraud does not grant him title to the Seized ETH which belonged to Centra Tech. *Id.* at ¶¶ 65-68. Defendant Sharma's own representations to the contrary in facilitating a plea agreement are unpersuasive, but even if the mere fact that Sharma held the private keys to the Seizure Wallet were sufficient to establish his interest in property (and it is not), the 100,000 ETH were not transferred from the other Centra Tech wallets to the Seizure Wallet until November 29, 2017, meaning that the earliest date any interest by Sharma or the Government could have vested is well after Claimants contributed cryptocurrency to Centra Tech between July and early October.

*Conclusion*. For the reasons stated herein, and in Claimants' Revised Petition, Claimants should be permitted to file their proposed Revised Petition as the operative ancillary forfeiture petition in this Action, and then proceed to a hearing on the merits.

LEVI&KORSINSKY LLP

Page 6 of 6
March 25, 2021

                                                Sincerely,

                            By:    */s/ Donald J. Enright*
                                    Donald J. Enright, Esq.

Cc: All Counsel of record.