M443TRAS                    Sentencing

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                        18 CR 340 (LGS)

5   RAYMOND TRAPANI,

6              Defendant.

7   ------------------------------x

8                                        New York, N.Y.
                                         April 4, 2022
9                                        4:00 p.m.

10
    Before:
11
                    HON. LORNA G. SCHOFIELD,
12
                                         District Judge
13

14                         APPEARANCES

15  DAMIAN WILLIAMS
         United States Attorney for the
16       Southern District of New York
    NEGAR TEKEEI
17  DANIEL LOSS
         Assistant United States Attorneys
18
    JOSEPH A. BONDY
19  STEPHANIE R. SCHUMAN
         Attorneys for Defendant
20

21

22

23

24

25

M443TRAS                    Sentencing

1              THE DEPUTY CLERK:  In the matter of 18 CR 340,

2     defendant number 2, United States of America v. Raymond

3     Trapani.

4              Counsel, please state your name for the record.

5     Everyone else can be seated.

6              MS. TEKEEI:  Good afternoon, your Honor.  Negar Tekeei

7     and Daniel Loss on behalf of the United States.

8              THE COURT:  Good afternoon.

9              MR. BONDY:  Good afternoon.  Joseph A. Bondy and

10    Stephanie R. Schuman on behalf of Raymond Trapani.

11             THE COURT:  Good afternoon.  Good afternoon,

12    Mr. Trapani.

13             THE DEFENDANT:  Good afternoon.

14             THE COURT:  So, in case you don't know or haven't

15    heard, the protocol is that you may take your mask off if you

16    want to speak at the podium.  But otherwise, you should keep

17    your mask on.  And if Mr. Trapani wants to speak, he can take

18    his mask off, but I ask you to go to the podium as well.  All

19    right.  I can take my mask off.

20             So, we're here today to impose sentence in the case of

21    United States v. Raymond Trapani.  Mr. Trapani pleaded guilty

22    to 10 counts.  Conspiracy to commit securities fraud,

23    securities fraud, conspiracy to commit wire fraud, wire fraud,

24    obstruction of justice, two counts of conspiracy to commit wire

25    fraud, a substantive wire fraud count, felon in possession of a

M443TRAS                    Sentencing

1    firearm, and conspiracy to distribute and possess with intent

2    to distribute narcotics.

3           All of this was pursuant to a plea agreement dated

4    July 10, 2019.

5           To prepare for the sentencing today, I've reviewed the

6    presentence report, which was last revised February 10, 2022.

7    I also have received and reviewed the defendant's unredacted

8    submission dated February 28, 2022, including letters from

9    Mr. Trapani himself, thank you, that's always helpful.  I also

10   have a letter from his wife; his mother; Nicholas Trapani, his

11   brother; and Francis Trapani, his brother; his aunt Maureen Ann

12   Hagner; Christine Hunter, a nurse at Norwich Behavioral Health;

13   Anthony Bryant, an instructor at Great Escape Substance Abuse

14   Training; Jonathan Good, a friend; Alyssa Good-Krzanowski, a

15   friend; Dr. Paul Liu, who is a friend; Helene Oppedisano, his

16   mother's friend; Isaac Mayo, a friend; and Marra Mawhinney, a

17   friend.  I also have various photographs of Mr. Trapani with

18   family and friends, including with his infant son.  I also have

19   a certificate of training as a credentialed alcoholism and

20   substance abuse counselor from the New York State Office of

21   Addiction Services and Support.

22          On the government side I have the government's

23   submission dated February 18, 2022.

24          Is there anything I'm missing, Ms. Tekeei?

25          MS. TEKEEI:  No, thank you, your Honor.

M443TRAS                    Sentencing

1           THE COURT:  And Mr. Bondy?

2           MR. BONDY:  No, your Honor.  Thank you.

3           THE COURT:  I've also reviewed the transcript of

4    Mr. Trapani's guilty plea before Judge Fox on July 17, 2019,

5    and I've signed an order accepting your plea.

6           Mr. Bondy, have you read the presentence report and

7    discussed it with your client?

8           MR. BONDY:  Yes, your Honor.

9           THE COURT:  Mr. Trapani, have you read the presentence

10   report and discussed it with your lawyer?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Did you have an opportunity to identify

13   for him any mistakes or errors in the report?

14          THE DEFENDANT:  No, your Honor.

15          THE COURT:  Did you have a chance to do that, to find

16   mistakes or errors?

17          THE DEFENDANT:  Oh, yes, I had the chance.

18          THE COURT:  Did you also have the opportunity to

19   discuss with him any information that should be brought to the

20   Court's attention for sentencing?

21          THE DEFENDANT:  Yes, I had the chance.

22          THE COURT:  Let me ask the government, have you had a

23   chance to review the presentence report?

24          MS. TEKEEI:  Yes, your Honor.

25          THE COURT:  So, I'll ask Ms. Tekeei first, putting

M443TRAS                          Sentencing

1   aside the calculation of the sentencing guidelines, are there

2   any objections to the report regarding its factual accuracy?

3              MS. TEKEEI:  No, your Honor.

4              THE COURT:  Mr. Bondy, do you have any objections?

5              MR. BONDY:  No, your Honor.

6              THE COURT:  I direct that a complete copy of the

7   presentence report be prepared for the Bureau of Prisons and

8   the Sentencing Commission.  The report will be made a part of

9   the record in this matter and placed under seal.  If an appeal

10  is taken, counsel on appeal may have access to the sealed

11  report without further application.

12             Since I heard no objections, I am adopting the factual

13  recitations in the report.

14             So, although the Court is no longer required to follow

15  the sentencing guidelines, I think you know that I have to

16  consider them.  And so, to do that, I need to calculate what

17  the guidelines recommend for your sentence.  Although there is

18  an agreement here between Mr. Trapani and the government, the

19  parties did not agree to a calculation of the sentencing

20  guidelines, but the presentence report of course includes a

21  calculation.

22             Is there any objection to the calculation in the

23  presentence report, Mr. Bondy?

24             MR. BONDY:  No, your Honor.

25             THE COURT:  Ms. Tekeei?

M443TRAS                    Sentencing

1          MS. TEKEEI:  No, your Honor.

2          THE COURT:  So, based on the absence of objection, and

3     my independent evaluation of the sentencing guidelines, I

4     accept the calculation in the presentence report.  I find the

5     offense level is 30 and criminal history category is III.

6          For those of you who are guests here, the sentencing

7     guidelines are advisory, I'm required to consider them.  And

8     there are basically two variables, one is a defendant's

9     criminal history and the other is the seriousness of the

10    offense.  And you put those two things together and you come up

11    with what the recommended sentence is, which, as I said, is

12    advisory, I don't have to follow it, but I have to consider it.

13         Here, the recommended sentence is a term of

14    imprisonment of 121 to 151 months, a fine of $30,000 to $5

15    million, supervised release on Counts One to Nine of one to

16    three years, and on Count 10, three years, which is a mandatory

17    amount of supervised release.

18         Under the statute, I can sentence Mr. Trapani to a far

19    greater sentence.  The maximum term of imprisonment on Count

20    One is five years, on Counts Two through Eight and 10 is 20

21    years per count, and on Count Nine is 10 years.

22         So the maximum term of imprisonment is 175 years.

23         The maximum fine on Counts One and Three through Nine

24    is $250,000 per count for a total of 2 million, on Count Two is

25    5 million, on Count 10 the maximum is 1 million.  That means

M443TRAS                         Sentencing

1     the total fine is a total of 8 million.

2              Supervised release under the statute is a maximum of

3     three years on Counts One through Nine and a mandatory minimum

4     and maximum of life on Count 10 with any term of supervised

5     release to be served concurrently.

6              And under the statute, there is the possibility of

7     probation of one to five years per count.

8              I'm required to impose an assessment of $100 per count

9     so that's $1,000.  I will impose that because I don't have

10    discretion there.

11             And I have a form of order for restitution and

12    for forfeiture, but I am not sure what the status is.

13             MS. TEKEEI:  Sure.  Thank you, your Honor.  With

14    respect to the forfeiture amount, we respectfully request the

15    Court verbally announce forfeiture today, consistent with

16    what's set forth in the proposed order which is $2.4 million in

17    connection with Count One, $40,000 in connection with Count

18    Six, $500,000 in connection with Count Seven, $50,000 in

19    connection with Count Eight, and with respect to Count Nine,

20    forfeiture of the Glock Model 43 9-millimeter pistol that's the

21    subject of Count Nine.

22             THE COURT:  I'm looking for Count Nine.  The firearm.

23    Okay.

24             MS. TEKEEI:  But, we understand that counsel and

25    Mr. Trapani would like a little bit more time to look at the

1    particular language of the proposed order, which we have no

2    objection to.  So with the Court's permission, we'll submit

3    consented to proposed orders of forfeiture and also with

4    respect to restitution -- with respect to restitution

5    forthwith.

6              THE COURT:  Okay.  Is there an agreement on the

7    forfeiture amount?  Let me ask Mr. Bondy that.

8              MR. BONDY:  There is general agreement, and we'd like

9    some time to go over the exact figures, your Honor; yes, that's

10   correct.

11             THE COURT:  So, you have no objection to my

12   pronouncing these amounts as part of the sentence for

13   forfeiture.  Is that right?

14             MR. BONDY:  I think that the amounts in general are

15   correct.  There might be a small deviation from that amount in

16   the final order, though.

17             THE COURT:  Okay.  Ms. Tekeei?

18             MS. TEKEEI:  Your Honor, I think that Mr. Trapani -- I

19   understand through counsel there are some documents Mr. Trapani

20   would like to review before agreeing to the proposed order.

21             As the Court is aware, Mr. Trapani pled guilty

22   pursuant to a cooperation agreement.  There were offenses that

23   he pled guilty to that he made the government aware of and that

24   he has the records relating to it.  The parties have been in

25   constant communication to reach agreement on the forfeiture

M443TRAS                    Sentencing

amounts.  I expect we will be able to reach agreement on the

proposed order that we submit to the Court.  There may be some

minor differences in what we have currently proposed with what

we ultimately propose.  But we're very much I think largely on

the same page with respect to the overall forfeiture that's

been proposed.

          THE COURT:  Do I need to pronounce the amount as part

of the sentence today?

          MS. TEKEEI:  That's my understanding, your Honor.  To

the extent that the amounts that we propose in the final

preliminary order of forfeiture differ, I think the Court would

simply amend the judgment of conviction to reflect any

additional -- any changes in those amounts.

          THE COURT:  Okay.  Mr. Bondy, do you have any

objection to proceeding in that way?

          MR. BONDY:  No, your Honor.  I agree.

          THE COURT:  Okay.  With respect to restitution, what's

the status of the parties' discussions or agreement?

          MS. TEKEEI:  Similarly, your Honor, I think it's a

matter of Mr. Trapani and his counsel just reviewing the

paperwork they may have that confirms the amounts that we have

discussed and we presented to the Court.  Again, largely

because these are crimes to which Mr. Trapani made the

government aware, he has more information about the final

details and amounts than we do.  And we've had very reasonable

M443TRAS                    Sentencing

1    open discussions about what makes sense for restitution

2    purposes.  We expect to reach agreement on that as well.

3              THE COURT:  Thank you.

4              Are there any objections to the sentencing options

5    I've outlined, Ms. Tekeei?

6              MS. TEKEEI:  No, your Honor.

7              THE COURT:  Mr. Bondy?

8              MR. BONDY:  No, your Honor.

9              THE COURT:  Would the government like to make its 5K.1

10   motion for departure from the applicable guidelines.

11             MS. TEKEEI:  Yes, your Honor.

12             THE COURT:  Would you mind going to the podium to do

13   that.

14             MS. TEKEEI:  Absolutely.  I don't mind, your Honor.

15             THE COURT:  Okay.

16             MS. TEKEEI:  Your Honor, there can be no question that

17   Mr. Trapani's crimes were very serious.  However, Mr. Trapani's

18   cooperation has been nothing short of extraordinary.  He was

19   fully forthcoming and candid in all of his dealings with the

20   government.  His cooperation was extensive and wide ranging,

21   and frankly, critical to the convictions and sentencings of his

22   co-defendants in this case.

23             In addition, as the Court is aware, Mr. Trapani made

24   the government aware of multiple other crimes that he

25   committed, that he pled guilty to and has accepted

1    responsibility for.

2              In light of that, and in light of what is discussed in

3    our more detailed sentencing submission, the government moves

4    pursuant to Section 5K1.1 of the sentencing guidelines that the

5    Court sentence Mr. Trapani in light of the factors set forth in

6    that section.

7              THE COURT:  Thank you.  I have reviewed your written

8    submission.  Based on that and your argument, I will grant the

9    government's motion and consider the 5K.1 factors in

10   determining the sentence.

11             MS. TEKEEI:  Thank you, your Honor.

12             THE COURT:  Is there anything else you'd like to say

13   in regard to sentencing as long as you have the floor?

14             MS. TEKEEI:  Not unless the Court has any questions.

15   I am aware of time constraints today.  So our submission sets

16   forth all of our views.

17             THE COURT:  Thank you.

18             Mr. Bondy.

19             MR. BONDY:  Thank you.  Thank you very much, your

20   Honor.

21             It was almost four years ago to the day that

22   Mr. Trapani was arrested on April 17.  And I came to meet

23   Raymond Trapani in the Southern District when he was removed

24   from Florida and he participated in a rehabilitation program.

25             When I met him, he was a very different person.  He

M443TRAS                    Sentencing

1    was maybe 50 pounds lighter.  He had gone through tremendous

2    drug addiction for a variety of years.  And I've spent a lot of

3    my time studying the people that I represent and how to have

4    them recover, if you will, and stand in front of a Court one

5    day and to be proud of who they are.

6             And I find that you sometimes have to hit rock bottom

7    before you can ever be in a position to try to bring yourself

8    up.  And Ray was at rock bottom.  When you reach rock bottom,

9    there is no guarantee that you'll ever make it up again.  You

10   have to try hard, and you have to overcome a lot.  And I know

11   Raymond Trapani from that day, I remember his mother calling me

12   hysterically and asking if I would serve as his counsel, and it

13   was quite an honor and a privilege.

14            But for four years it has been an honor and privilege

15   to see what you've been doing, Mr. Trapani, and to watch you

16   and talk to you and remain in contact all the time with

17   Mr. Trapani, with his family.  The Court knows now that today

18   is an auspicious day for him because his wife is currently in

19   the hospital and they're about to have their second child.

20            I laid out a lot of things in our sentencing

21   submission today and I know the Court has reviewed it in

22   detail, including the letters of family and the letters of

23   friends and understands Mr. Trapani had a really

24   extraordinarily trying childhood.  He didn't have the luxuries

25   some of us take for granted, whether it is the strength of a

1   family unit with a father figure in it, or the ability to

2   continue in an environment you feel safe as a kid.

3          But when he came before this courtroom, the first

4   thing he decided to do was to try to mitigate what he had done

5   and to try to be reliable and truthful and complete and honest

6   and to admit everything in his entire life he was responsible

7   for, even things he was never charged with.

8          He assumed a lot of that weight because he knew in his

9   heart it was the right thing to do, and he wanted to be able to

10   turn that leaf.

11          So, when you talk about the gravity of the offense,

12   it's huge.  When you talk about the gravity of the efforts to

13   make up for that, as the government has cited, they were

14   extraordinary.  You talk about what it means to respect the law

15   and what a just punishment is, I think respect for the law

16   involves giving a person who cares enough to try to overcome

17   the tribulations Mr. Trapani suffered and opportunity to do so

18   in their life.  An opportunity to do good.  An opportunity to

19   be the father that he loves to be, that he never in his own

20   life experienced.  And to save himself for those beautiful

21   experiences of family and connectedness.

22          He'll never be in front of you again for any type of

23   crime.  He won't be in front of a judge anywhere in the world

24   for any type of crime.  Maybe one day he'll be able to serve on

25   a jury.  Maybe one day he'll be able to be in a courtroom for

1    something else.  He's been deterred completely.  And for four

2    years he has shown the Court that he has been deterred

3    completely.

4            He has lived under the shadow, under the cloud of

5    facing a 10 year or more -- up to 175-year sentence in the

6    penitentiary, while at the same time grappling with the fact

7    that he was cooperating with the government, and it did cause

8    him at certain points a little degree of risk.

9            He's received -- and this something that's unique.  He

10   has become a certified substance abuse and alcohol counselor in

11   the State of New York.  And wants to take the gift that he's

12   now created, he's turned this nightmare into a gift of his.  We

13   turn something into a beautiful thing.  If it's from a tough

14   place and you work it in the right way, the things that hurt

15   you become beautiful.

16           Ray is now in a position to try to help other people,

17   young people going through the same types of things that he

18   went through, in a country living through the scourge of an

19   opioid addiction that's destroying children everywhere.  To try

20   to help them and be a bridge to them, by virtue of his own

21   experience and his own candor and the person that he is.

22           I hope to never lose contact with Ray Trapani.  I hope

23   to know Ray Trapani until the day I die.  I think it's a

24   privilege and an honor to be part of his extended family and

25   they've all brought me in in a beautiful way.

1          Disparities in sentencing are offset by I would say

2     the extraordinariness of the cooperation.  And then you start

3     to look to cooperators who are extraordinary and all the stuff

4     that they've done, and again, the factors are simple.  It was

5     the danger, there was the completeness, there was the speed,

6     there was the value of the cooperation as set forth in the

7     government's submission.

8          And so, 1400-some-odd days later we stand before you

9     asking that you not send Mr. Trapani to jail, but allow him to

10    continue his rehabilitative course and to help all the other

11    people that he has the power and the talent and the wish to

12    help in having a better life.

13          I believe that the interests of justice would be

14    served in imposing a time served sentence.  I believe under 18

15    U.S.C. 3553(a) that would be a sentence that is sufficient, but

16    no greater than necessary to achieve all of the objectives of

17    punishment.  Restitution would be made quicker.  All of the

18    other factors that are identified in the statute would be best

19    served by allowing Mr. Trapani to continue with his life on

20    supervised release as a structural aid to show the Court that

21    he indeed can continue to make it, and to allow him to begin to

22    continue to unfold as the beautiful flower that he really is.

23    Thank you.

24          I know Mr. Trapani does want to address the Court.

25          THE COURT:  Mr. Trapani, now is your opportunity.  You

M443TRAS                    Sentencing

1    don't have to speak.  But now is the time if you would like to.

2                THE DEFENDANT:  Thank you.

3                Thank you, your Honor, for allowing me to address the

4    Court personally.

5                Today is a very heavy day for me.  I'm sorry if I

6    don't seem composed.  I'm highly anxious.  And it is an insane

7    day for me.

8                The process of cooperating with the government has

9    allowed me to see another side of the world, and for that I

10   would like to thank AUSA Negar Tekeei and former AUSA Samson

11   Enzer who is not here today.  I have always felt they have

12   treated me fairly and showed they genuinely cared about me as a

13   person and my recovery as an addict.

14               Before my arrest, I was on the brink of death on drugs

15   and my own worst enemy.  Since my arrest and cooperation, I

16   have made great strides forward in life.  I've become a

17   husband, a father, and a mentor in the addiction community.

18   I've also become someone my friends and family can depend on.

19   I've surrounded myself with the proper support of positive

20   people, while removing any negative influences from my life.  I

21   want to be someone my friends and family are proud of.

22               I would like to greatly thank my wife Kimberly, who is

23   not here today.  My lawyer Joseph Bondy, my friends and my

24   family for supporting me.  I know the things I have done are

25   wrong and I understand they have affected many people's lives.

M443TRAS                     Sentencing

1    I hope my actions since my arrests will help make as many

2    people whole as possible.

3              I cannot take back the things I've done, and I will

4    forever have to live with the guilt and remorse for my actions.

5    But I know I can add something positive to this world.  I love

6    being a father and a husband, and I also love being sober.  And

7    through my addiction counseling, I hope I can prevent others

8    from making the same mistakes I have made.  With how far I've

9    come, I know I'll never be in front of another judge again.

10             Thank you, your Honor.

11             THE COURT:  Thank you.  I'm required to allow any

12   victim who is present to be reasonably heard.

13             Ms. Tekeei, are you aware of any victims in the

14   courtroom?

15             MS. TEKEEI:  No, your Honor.  I am not.

16             THE COURT:  Is there any reason why sentence should

17   not be imposed, Ms. Tekeei?

18             MS. TEKEEI:  No, your Honor.

19             THE COURT:  Mr. Bondy?

20             MR. BONDY:  No, your Honor.

21             THE COURT:  So as I've stated the guidelines

22   recommendation in this case is 121 to 151 months, which is

23   equal to a little over 10 years to over 12 years' imprisonment.

24   But, that is just one factor that the Court is required to

25   consider in determining the appropriate sentence.  I'm also

1    required to consider other factors that are set out in the

2    statute that Mr. Bondy referred to, 18 U.S.C. 3553(a).  And

3    those include, foremost, the nature and circumstances of the

4    offense, as well as your own personal history and

5    characteristics.  And I include in that your cooperation with

6    the government, which I've now heard both in writing and here

7    today was extraordinary.  I'm also required to impose a

8    sentence that reflects the seriousness of the offense, promotes

9    respect for the law, provides just punishment for the offense,

10    and also that affords adequate deterrence to criminal conduct.

11           And I believe your statement is sincere, that you have

12    no intention of appearing before a Court, whether it's me or

13    someone else here or somewhere else again.  And I take you at

14    your word.

15           I'm also required to avoid unwarranted sentence

16    disparities amongst people who are similarly situated.  But as

17    your lawyer points out, there is no one else in this case who

18    has cooperated, much less in the manner that you have

19    cooperated.  And as I said, I am very much considering your

20    cooperation with the government.

21           I'm required to impose a sentence that is sufficient,

22    but no greater than necessary, to accomplish all of these

23    purposes.  I find the sentence I'm about to pronounce does

24    that.

25           So I've thought carefully about the appropriate

M443TRAS                    Sentencing

1    sentence in this case, in light of the 3553 factors, and the

2    appropriate purposes of sentencing, and I have to start with

3    the offense which is where I start thinking about any sentence.

4           You pleaded guilty to 10 counts, which is an enormous

5    amount of criminal activity, especially for one as young as you

6    are.  And primarily, and the reason this case comes to me, is

7    because you and your co-conspirators were engaged in a scheme

8    to defraud victims into investing more than $35 million to

9    purchase digital tokens called CTR tokens issued by a company

10   called Centra Tech.  And as you may know, we're still very much

11   involved in trying to work out the details of how to recompense

12   the victims of this crime, to the extent we're able to do that.

13          You also pleaded guilty to several other offenses,

14   some related.  Obstructing the SEC's investigation of Centra

15   Tech by destroying a laptop.  You have been involved in other

16   loan and fraud schemes from around 2014 to 2017 resulting in

17   losses over $500,000.

18          There are also other crimes that you confessed to that

19   the government didn't know about.  You illegally possessed a

20   firearm for several months in 2018.  You conspired with others

21   earlier than that, between 2009 and 2012, to possess and

22   distribute cocaine, marijuana, heroin, and prescription pills.

23   I know you were arrested in April 2018 and released on

24   April 25, 2018, so just a few days later.

25          And I'm also aware of and very much taking into

1    account your personal circumstances.  This is your fourth

2    criminal conviction with previous convictions for disorderly

3    conduct, creating a hazardous or physically offensive

4    condition, as well as perjury and other crimes.

5            You're 31 years old and a U.S. citizen.  Everything

6    I've said so far does not paint a very good picture, obviously.

7            On the other hand, I note you had a very difficult

8    upbringing.  And I know you have family here, so I don't think

9    there is any need to detail all of the history, but I certainly

10   have read about it, and I understand that it was very difficult

11   in your relationships with many family members.

12           I understand you began smoking marijuana at age 13,

13   and using Xanax and Percocet recreationally from around ages 14

14   to 16.  I understand that these were during those difficult

15   times.  I'm sure there was some relationship between all of

16   these things.

17           I understand when you were in a car accident when you

18   were 16 and had to have multiple surgeries to your face.  You

19   were prescribed OxyContin for pain, which led to an addiction

20   and ultimately your dropping out of high school.

21           During much of your 20s, I understand from the

22   presentence report, your own statement, as well as statements

23   of those close to you, that you were addicted to drugs, you

24   were addicted to opiates and Xanax, you also had a gambling

25   addiction, and you attempted rehabilitation I read

M443TRAS                       Sentencing

1  approximately 13 times, but were unable to stay clean.

2            I sincerely hope with the support you have this time,

3  that this will be completely different, and I take some comfort

4  from the fact you have stayed clean for as long as you have.

5            I understand, though, that it was during this time

6  that you reconnected with your high school acquaintance

7  Mr. Sharma who was obviously a co-defendant, and began an

8  exotic car rental business with him before entering into the

9  partnership that you brought you here in this case.

10           I also understand how much your life has changed.  Not

11  only have you been able to give up drugs, and I understand that

12  drug addiction is an illness.  It is not an easy thing to deal

13  with.  It is not just a matter of saying I'll be strong.  So I

14  very much admire and respect what you've done and the work

15  you've done to overcome your addiction.

16           But I also know you are now married, you have a

17  one-year-old son and will imminently have another child.

18  Congratulations.  Sorry to take you away from that.  But better

19  to have this behind you.

20           THE DEFENDANT:  Thank you.

21           THE COURT:  And I understand you are now in good

22  physical health.  And I also know that since January 2021, you

23  completed a program to become a credentialed alcoholism and

24  substance abuse counselor.  And that you've participated in a

25  social work internship related to that at Norwich.  I read the

M443TRAS                      Sentencing

1    letters from your family members.  I also see them here.  That

2    means a lot.  Nobody can do this alone.  It takes a lot of work

3    to rebuild your life.  So I want to thank your family members

4    and friends for being here and supporting you, but also helping

5    you to continue to do that in the future, because I know that

6    it's ongoing work.  These issues are not something that you can

7    easily put behind yourself.

8        Your family portrays you as a loving and caring

9    father, brother and husband and son.  Your wife said that you

10   exemplify the characteristics of a loving father and supportive

11   husband.  Your mother wrote proudly that Raymond is today a son

12   that any parent would be proud of.  And so on.  I won't repeat

13   all of the statements from the letters, but I am certainly

14   aware of another side to you and people who care about you, and

15   not just the very serious criminal history that you have behind

16   you.

17       I'm also very much influenced by the government's

18   report of your cooperation.  I'm not sure I've ever heard the

19   word "extraordinary" used in connection with cooperation, and

20   now I've heard it multiple times.  But, your cooperation was

21   described as extraordinary and thorough, complete, prompt, and

22   extremely valuable at every stage of the case, from the

23   investigation to sentencing of your co-defendants.  That weighs

24   very heavily.  And I will just tell you, your sentence would

25   have been very different, even if you had pleaded only to the

1    crimes the government knew about, if you had not cooperated.

2            So, although I am required to consider the offenses

3    and sentences of your co-defendants.  They're obviously in a

4    different category because they didn't cooperate, so that's not

5    very meaningful to me.

6            The probation department and your lawyer both

7    recommend a below guideline sentence of time served.  The

8    government does not make a specific request, as is its usual

9    practice, but it asks that you be sentenced in light of the

10   factors set forth in Section 5K1.1, meaning in light of your

11   cooperation.

12           So I will now state the sentence I intend to impose.

13   But the attorneys will have a final opportunity to make legal

14   objections before the sentence is final.

15           So Mr. Trapani, would you please stand.

16           After assessing the particular facts of this case, the

17   factors under Section 3553(a) including the sentencing

18   guidelines, I conclude that a sentence below the guidelines is

19   justified as follows.

20           Mr. Trapani, it is the judgment of the Court that you

21   are sentenced to a term of imprisonment of time served and a

22   period of three years' supervised release on all counts,

23   concurrently.

24           Supervised release is not intended as a punishment,

25   but to try to give you support to continue on the path that

1   you're on.  There are conditions to supervised release that are

2   sort of similar to bail conditions.  I won't repeat them all

3   here.  They are in the presentence report.  I'm imposing the

4   conditions verbatim, meaning word for word, using the exact

5   language that's in the report except as I will explain.  You

6   may be seated.

7           I'm imposing the mandatory conditions on pages 52 and

8   53 of the report, except the mandatory drug testing condition

9   is suspended because I will impose a special condition of drug

10  treatment.

11          I'm imposing the standard conditions on pages 53 and

12  54 without change, and I'm imposing the special conditions on

13  pages 54 and 55, and you'll be supervised in the district of

14  your residence.

15          I'm not going to impose a fine.  The amounts that are

16  written in the proposed order of restitution and the proposed

17  order of forfeiture are very significant.  I believe with those

18  financial responsibilities, you will not have the ability to

19  pay a fine so I'm waiving the fine.

20          I have a proposed order of forfeiture which I

21  understand from the government still needs to be worked out in

22  terms of the details.  And so, I'll append a separate order of

23  forfeiture to the judgment, and it will be that order that will

24  govern the judgment.  I will say that the order that I have in

25  front of me calls for a forfeiture amount of $2.9 million.

M443TRAS                         Sentencing

1    $2.4 million represents proceeds traceable to the offenses in

2    Counts One through Four, and that means that you share the

3    responsibility for that amount with the other defendants,

4    you're jointly and severally liable.  And then in addition to

5    that, you are being held responsible, at least under this form

6    of order, for $590,000, and that is you personally in

7    connection with $40,000 Count Six, $500,000 Count Seven,

8    $50,000 Count Eight.  In addition to that, a forfeiture of a

9    firearm related to the offense in Count Nine.

10            I also have a proposed order of restitution, and in my

11   judgment, I will simply refer to the appended order of

12   restitution and the final order is what will govern.

13            In the order that I have in front of me there is a

14   total restitution amount of $90,000, which is $40,000 to the

15   victims of the offense charged in Count Six, which a wire fraud

16   charge, and $50,000 in Count Eight, which is a wire fraud

17   substantive charge.

18            There is also a special assessment I think I mentioned

19   I have to impose, it is $1,000, because it is $100 per count.

20   And that amount will be due immediately.

21            Does either counsel know of any legal reason why the

22   sentence should not be imposed as stated?

23            Ms. Tekeei?

24            MS. TEKEEI:  No, your Honor.

25            THE COURT:  Mr. Bondy?

M443TRAS                          Sentencing

 1          MR. BONDY:  No, your Honor.

 2          THE COURT:  The sentence as stated is imposed.

 3   Mr. Trapani, I hope you understand that it would not have been

 4   that difficult to decide that some period of incarceration was

 5   important or necessary, even though you had extraordinary

 6   cooperation.  But, I really didn't want to interrupt the path

 7   that you're on, because you seem to be doing so well.

 8          You should understand, though, that if you get off the

 9   path, you violate your conditions of release, you will find

10   yourself in this courtroom again.

11          So, I wish you the very best of luck.  And also

12   congratulations on the birth of your child which is upcoming.

13          THE DEFENDANT:  Thank you.

14          THE COURT:  So, the sentence as stated is imposed.

15   Applications, I don't think there are there any open counts.

16          MS. TEKEEI:  Yes, your Honor.  The government moves to

17   dismiss the underlying indictment against Mr. Trapani.

18          THE COURT:  That motion is granted.

19          You may have the right to appeal your conviction and

20   sentence.  If you are unable to pay the cost of appeal, you may

21   apply for leave to appeal in forma pauperis.  The notice of

22   appeal must be filed within 14 days of the judgment of

23   conviction.

24          I just want to thank your friends and family again for

25   being there for you.  It makes a huge amount of difference in

1    the decision of the sentencing judge.

2            So, thank you, and please help and take good care of

3    Mr. Trapani.

4            We are adjourned.

5            MS. TEKEEI:  Thank you, your Honor.

6            (Adjourned)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25