UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                     :
UNITED STATES OF AMERICA                                             :
                                                                     :     CONSENT PRELIMINARY ORDER
            - v. -                                                   :     OF FORFEITURE AS TO SPECIFIC
                                                                     :     PROPERTY/
RAYMOND TRAPANI,                                                     :     MONEY JUDGMENT
                                                                     :
            Defendant.                                               :     S1 18 Cr. 340 (LGS)
                                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about July 17, 2019, RAYMOND TRAPANI (the "Defendant"), was charged in a ten-count Superseding Information, S1 18 Cr. 340 (LGS) (the "Information"), with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count One); securities fraud, in violation of Title 15, United States Code, Section 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2 (Count Two); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Counts Three, Six and Seven); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Counts Four and Eight); obstruction of justice, in violation of Title 18, United States Code, Section 1512(c) (Count Five); illegal firearms possession, in violation of Title 18, United States Code, Section 922(g)(1); and narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Ten);

WHEREAS, the Information included, *inter alia*, a forfeiture allegation as to Counts One through Four, and Six through Eight of the Information seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) of any and all property, real or personal, constituting or derived from proceeds traceable to the commission of the offenses charged in Counts One through Four, and Six through Eight of the Information, including but not limited to a sum of money in United States

currency, representing the proceeds traceable to the commission of the offenses charged in Counts One through Four and Six through Eight of the Information that the Defendant personally obtained;

WHEREAS, the Information included a second forfeiture allegation with respect to Count Nine of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461, of any firearm and ammunition involved in and used in the offense charged in Count Nine of the Information, including the Glock, Model 43, 9mm pistol bearing serial number BDPY858 that was seized by law enforcement on or about April 20, 2018 ("the "Specific Property");

WHEREAS, on or about July 17, 2019, the Defendant pled guilty to Counts One through Ten of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Four and Six through Ten of the Information and agreed to forfeit to the United States, *inter alia*: (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money in Untied States currency, representing the proceeds traceable to the commission of the offenses charged in Counts One through Four and Six through Eight of the Information that the Defendant personally obtained; and (ii) pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461, all right, title and interest of the Defendant in any firearm or ammunition involved in the offense charged in Count Nine of the Information, including the Specific Property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,990,000 in United States currency, of which (i) $2,400,000 represents the proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with his co-defendants

Sohrab Sharma and Robert Joseph Farkas' (the "Co-defendants") forfeiture money judgments entered against the Co-defendants in this case; (ii) $40,000 represents the proceeds traceable to the offense charged in Count Six of the Information that the Defendant personally obtained; (iii) $500,000 represents the proceeds traceable to the offense charged in Count Seven of the Information that the Defendant personally obtained; and (iv) $50,000 represents the proceeds traceable to the offense charged in Count Eight of the Information that the Defendant personally obtained;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes a firearm involved in the offense charged in Count Nine of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four, Six through Eight and Ten of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Negar Tekeei and Daniel Loss of counsel, and the Defendant, and his counsel, Joseph A. Bondy, Esq., that:

1.  As a result of the offenses charged in Counts One through Four and Six through Eight of the Information, to which the Defendant pled guilty, a money judgment in the amount of $2,990,000 in United States currency (the "Money Judgment"), of which (i) $2,400,000 represents the proceeds traceable to the offenses charged in Counts One through Four of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendants' forfeiture money judgments entered against the Co-defendants in this case; (ii) $40,000 represents the proceeds traceable to the offense charged in Count Six of the Information that the Defendant personally obtained; (iii) $500,000 represents the proceeds traceable to the offense charged in Count Seven of the Information that the Defendant personally obtained; and (iv) $50,000 represents the proceeds traceable to the offense charged in Count Eight of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2.  As a result of the offense charged in Count Nine of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant RAYMOND TRAPANI, and shall be deemed part of the sentence of the Defendant and shall be included in the judgment of conviction therewith.

4.  All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        4/20/2022
     Negar Tekeei                                                    DATE
     Daniel Loss
     Assistant United States Attorneys
     One St. Andrew's Plaza
     New York, New York 10007
     (212) 637-2482/6527


RAYMOND TRAPANI

By: _____        4/18/22
     RAYMOND TRAPANI                                      DATE


By: _____        4/18/2022
     Joseph A. Bondy, Esq.                              DATE
     Attorney for Defendant
     1776 Broadway, Suite 2000
     New York, NY 10019

SO ORDERED:

_____              April 20, 2022
LORNA G. SCHOFIELD                                  DATE
UNITED STATES DISTRICT JUDGE